UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN EVANS, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>CECIL DAVIS, )<br>)<br>Respondent ) | No. 3:05cv0378 AS |

*MEMORANDUM OPINION AND ORDER*

On or about June 20, 2005, *pro se* petitioner, Shawn Evans, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on January 3, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Rebuttal on January 20, 2006 and a Traverse on January 23, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the ISP in this district.  This is a proceeding involving a state criminal proceeding in the Lake Superior Court in Crown Point, Indiana.  A helpful starting point is the unpublished memorandum decision of the Court of Appeals of Indiana entered September 30, 2004, authored by Judge Najam and concurred in by Judges Sullivan and Barnes.  That opinion is quite comprehensive

and deserves very substantial respect. Also provided to this court as a part of the record is a six-page finding of fact filed in the Lake County Superior Court, Criminal Division on January 22, 2004 and signed by the judge and magistrate of that court. Certainly the federal statute concerned here demands respect for the decision of the Court of Appeals of Indiana. This petitioner has the burden to rebut the presumption of correctness regarding the same by clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1). The Supreme Court of Indiana denied transfer in this case, although it must be stated that the petition seeking the same was untimely. Here, the Attorney General of Indiana contends that this petition is indeed untimely under 28 U.S.C. §2244(d). *See also Artuz v. Bennett*, 531 U.S. 4 (2000). This petition was filed on June 20, 2005, and had been signed by this petitioner on June 16, 2005. This petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988). However, candor requires the comment that any benefits under *Houston* are unlikely at best. The Lake Superior Court entered a judgment of conviction and sentenced this petitioner on February 23, 2001, and the Court of Appeals of Indiana affirmed the aforesaid conviction and sentence on April 17, 2002. The Supreme Court of Indiana refused the filing of an untimely petition for transfer. Thus, the petitioner's conviction became final on June 16, 2002, the date upon which this petitioner's opportunity to seek certiorari to the Supreme Court of the United States expired. *See Griffith v. Kentucky*, 479 U.S. 314 (1987).

The Lake Superior Court denied post-conviction relief on January 22, 2004, and the Court of Appeals of Indiana affirmed that decision on September 30, 2004. The petitioner

2

sought transfer to the Supreme Court of Indiana which was denied on December 9, 2004. Under 28 U.S.C. §2244(d), the one-year statute of limitations was tolled from June 3, 2003 to December 9, 2004 because this petitioner had pending a properly filed petition for state post-conviction relief during that time. *See Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000). The one-year statute of limitations commenced to run again on December 10, 2004 when the Indiana Supreme Court denied transfer. The petitioner did not sign his federal habeas petition under July 16, 2005, which according to the Attorney General of Indiana is approximately seven months late or a total of 540 days under AEDPA.

This court has given close attention to the filings made by this pro se petitioner on January 20, which is basically an argument on the facts of the case. This court is bound by the binding precedence of the Supreme Court of the United States and the relevant provisions of acts of Congress. This court is very hard-pressed to find a principled way to avoid the hard edges of 28 U.S.C. §2244. Therefore, the petition must be **DENIED**. **IT IS SO ORDERED**.

**DATED:** February 24, 2006

                                                     S/ ALLEN SHARP
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**