# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| **SHAWN EVANS**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **3:05-CV-378-AS** |
| | ) | |
| | ) | |
| **CECIL DAVIS**, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On April 20, 2006, Mr. Evans filed a Petition for Certificate of Appealability ("CA"), and a motion for leave to proceed in forma pauperis on appeal. When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Evans's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Evans was sentenced on February 23, 2001. He filed a direct appeal, the court of appeals affirmed, and the Indiana Supreme Court denied transfer. Mr.

Evans had until July 16, 2003, within which to file a federal habeas petition or a state court petition for post conviction relief. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). He filed a petition for post conviction relief on June 3, 2003, which allowed almost one year to pass while the statute of limitations was running. The clock began again on December 10, 2004. This petition was signed on July 16, 2005, seven months past the statute of limitations. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d at 833. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Evans had one year from the "expiration of the time for seeking (direct) review"to file his habeas petition. His petition challenging this conviction is untimely.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed in forma pauperis. Because Mr. Evans's petition was dismissed as untimely and he makes no assertion that it is timely, this appeal is not taken in good faith because it has no merit. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000). Accordingly, the motion to proceed in forma pauperis is **DENIED**.

SO ORDERED.
ENTERED: July 12, 2006                    S/ ALLEN SHARP
                                          ALLEN SHARP, JUDGE
                                          UNITED STATES DISTRICT COURT